IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN WILLIAM MILBECK,

                    Plaintiff,

    v.

LOUIS J. MOLEPSKE JR.,

                    Defendant.

OPINION and ORDER

23-cv-206-wmc[1]

---

      Pro se plaintiff Ryan William Milbeck is dissatisfied with the actions of the judge presiding over his divorce in state court and sues him in this court. Because he proceeds in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that this case must be dismissed because the defendant is immune from suit.

ALLEGATIONS OF FACT

      Milbeck and his wife are in the process of getting a divorce in Marathon County. Publicly available state court records show that defendant Judge Molepske is presiding over

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

their case and that Milbeck filed a lawsuit against Judge Molepske in state court in January

2023 that was dismissed about three months later.[2]

On March 14, 2023, Milbeck's wife filed an ex parte motion for sole custody of their

child and a supporting affidavit. Milbeck says that his wife's motion was based on allegations

that child protective services had previously declined to investigate after concluding that there

was no threatened harm or maltreatment by Milbeck.

Judge Molepske granted the motion the next day, before Milbeck had received notice

of it. Milbeck objected to the order, which suspended his custody rights, and the judge

scheduled a hearing. In the interim, Milbeck also filed a motion to vacate the custody order.

Judge Molepske did not immediately rule on the motion, but he restored Milbeck's custody

rights at the hearing. Milbeck says that he lost six days with his child.


ANALYSIS

Milbeck contends that Judge Molepske acted without jurisdiction and violated his

constitutional right to due process by granting his wife's motion without evidence that their

child had been abused or was in imminent danger and before Milbeck had notice and an

opportunity to respond. He seeks damages from the judge and declaratory relief.

I will dismiss this case because Judge Molepske is immune from suit. A judge is entitled

to absolute immunity when the challenged actions are "judicial in nature." *Brunson v. Murray*,

843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial

---

[2] Public docket information for Milbeck's divorce case, Marathon County Case No. 2020FA227, and his lawsuit against Judge Molepske, Marathon County Case No. 2023CV18, is available online via Wisconsin Circuit Court Access at https://wcca.wicourts.gov.

immunity is an immunity from suit, not just from ultimate assessment of damages."). Ruling on a motion is a quintessential judicial action. *See Thompson v. Ortiz*, 619 F. App'x 542, 544 (7th Cir. 2015) ("denying a motion is an act 'judicial in nature' and a 'function normally performed by a judge" (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978))). Milback alleges that Molepske lacked jurisdiction to take that action when he did, noting that his wife's motion lacked sufficient evidentiary support, that he was denied timely due process, and that he had sued the judge civilly in state court. But these are not reasons why it would fall outside a judge's judicial capacity to rule on motions filed in a case pending before him. If Milbeck believes that the state court judge has erred in entering an order, he could, as he did here, file a motion with that judge or he could file an appeal with the Wisconsin Court of Appeals. Federal court is not the proper forum for Milbeck's complaints about how the presiding judge is handling his ongoing divorce case in state court.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). I will dismiss this case because no amendment would change the fact that the judge is immune from suit.

ORDER

IT IS ORDERED that:

1.  This case is DISMISSED with prejudice because defendant Louis J. Molepske Jr. is immune from suit.

2.  The clerk of court is directed to close this case.

3

Entered April 7, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge